UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:09 CR 269-02** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Gada A. Alatrash,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant Gada Alatrash's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 156). For the reasons that follow, the motion is DENIED.

**FACTS**

Defendant was indicted on one count of making false statements in violation of 18 U.S.C. § 1001. Defendant proceeded to a jury trial on November 2, 2009. On November 12, 2009, the jury returned a guilty verdict. Defendant timely appealed and the Sixth Circuit affirmed defendant's conviction.

1

Defendant then filed the instant motion seeking collateral relief on the grounds of ineffective assistance of counsel. The government opposes the motion.

**ANALYSIS**

In order to succeed in establishing ineffective assistance of counsel, petitioner must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). Judicial scrutiny of attorney performance is highly deferential and "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. In other words, "defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. Thus, only "strategy and tactics which lawyers of ordinary training and skill in the criminal law would not consider competent deny a criminal defendant the effective assistance of counsel." *United States v. Medved*, 905 F.2d 935, 942 (6th Cir. 1990)(citations and quotations omitted).

1. Motion to suppress

Defendant argues that her attorney was ineffective for failing to move to suppress evidence obtained by the government during an FBI interview at which defendant was not read her *Miranda* rights. The charge against defendant stems from statements she made during this interview.

2

Upon review, the Court rejects defendant's argument that counsel was ineffective for failing to file a motion to suppress.

*Miranda* and its progeny apply to custodial interrogations. For a person to be "in custody," a formal arrest must occur, or there must be a "restraint on freedom of movement of the degree associated with a formal arrest." *United States v. Panak*, 552 F.3d 462, 465 (6th Cir. 2009). Whether a person is "in custody" depends on a totality of the circumstances. Courts in this circuit look to: "the location of the interview; the length and manner of questioning; whether the individual possessed unrestrained freedom of movement during the interview; and whether the individual was told she need not answer the questions." *Id*. When, however, "police question a suspect in a residence," the encounter "often" will "not rise to the kind of custodial situation that necessitates *Miranda* warnings." *Id*. (Citations and quotation omitted). There are exceptions to this general rule.

> Even when an interrogation takes place in the familiar surroundings of a home, it still may become custodial without the officer having to place handcuffs on the individual. The number of officers, the show of authority, the conspicuous display of drawn weapons, the nature of the questioning all may transform one's castle into an interrogation cell—turning an inherently comfortable and familiar environment into one that a reasonable person would perceive as unduly hostile, coercive and freedom-restraining.

*Id*. at 466 (internal citations and quotations omitted).

Here, however, the factors weigh in favor of finding that the interview was "non-custodial" in nature. Two FBI agents arrived at defendant's house, identified themselves, and asked to speak to her. Although plaintiff wore her pajamas, she allowed them to enter her home. The interview occurred in a room adjacent to the foyer and lasted forty-five minutes at the most. Defendant was not physically restrained and the agents did not brandish firearms or handcuffs.

Nor does defendant claim that the agents threatened her in any way. Although the agents did not inform defendant that she need not answer their questions, this factor alone is insufficient to support a finding that a defendant was "in custody." *See, Panek*, 552 F.3d 462 (reversing the district court's determination that a custodial situation existed on nearly identical circumstances).

The Court notes that defendant's reliance on *Panek* is misplaced. Defendant relies on the district court opinion, wherein the court determined that defendant was "in custody" during a home interview. The Sixth Circuit, however, reversed that opinion and held that the defendant was *not* in custody at the time of the interview. The Sixth Circuit's opinion rendered the district court's decision of no effect. Therefore, any reliance on the district court opinion is misplaced. This Court must apply the law as stated by the Sixth Circuit.

Because the evidence obtained during defendant's interview would not have been suppressed, defendant fails to show that her counsel's decision not to file a pretrial motion constitutes ineffective assistance of counsel.

2. Cross examination of FBI agent

Defendant next argues that counsel was ineffective for failing to properly cross-examine FBI Agent Timothy. In a footnote in defendant's brief, she argues that counsel failed to question Agent Timothy about "his tone of voice and whether and why he did not advise [defendant] that [her husband] was their primary investigation focus." In response, the government notes that defendant mentioned this issue only in a passing footnote. In the reply brief, defendant attempts to expound on her argument by claiming that her attorney should have directly questioned Agent Timothy as to whether defendant lied and demanded that he identify the lies. Defendant further claims that her attorney focused too much on the issue of whether defendant was in custody at

4

the time of the interview.

Upon review, the Court finds that defendant fails to establish that her attorney acted ineffectively during the cross-examination of Agent Timothy.  As an initial matter, defendant's arguments are inconsistent with each other.  On the one hand, defendant complains that her attorney did not question Agent Timothy about his tone of voice during the interview.  Yet, defendant also argues that the focus of the cross-examination should not have been on issues surrounding "custody."  Regardless, defense counsel was not ineffective for failing to question Agent Timothy about his tone of voice.  Nor is it ineffective for defendant's attorney to have inquired as to the manner of the interview. In addition, although defendant raises the issue for the first time in her reply brief,[1] the Court notes that defendant fails to establish that counsel was ineffective for failing to directly ask Agent Timothy whether defendant lied (and what those lies were) during the interview.  Defendant fails to demonstrate that the testimony would have been at all favorable to defendant's case.  In all, the Court finds that defendant fails to establish that lawyers of ordinary training and skill would find defense counsel's cross-examination of Agent Timothy to be incompetent.

3. Defense witnesses

Defendant argues that the failure to present any defense witnesses constitutes ineffective assistance of counsel.  In the brief in support of her motion, defendant simply argues that Gregory Johnson and Nick Iafigliola should have been called as defense witnesses to testify as to defendant's "intentions in establishing L&J Cleaning Services."  In her reply brief, defendant

---

[1] Issues raised for the first time in a reply brief are generally not considered by the Court.

attaches an interview summary related to Gregory Johnson. Upon review, the Court finds that defendant's argument is not well-taken. As an initial matter, Nick Iafigliola testified at trial and defendant's attorney conducted a cross-examination. Moreover, with regard to Gregory Johnson, the interview summary shows that Johnson expressed that he had "concerns" about the possible conflict of interest with L&J Cleaning Services. Moreover, on page 14 of the summary, Johnson acknowledges that he had no knowledge of the "cleaning arrangement" between L&J Cleaning Services and Schirmer Construction. Thus, it does not appear that Gregory Johnson possessed any first hand knowledge of the cleaning arrangement. Moreover, he actually expressed some concerns regarding the arrangement. As such, the Court finds that counsel's decision not to call this witness on behalf of defendant does not rise to the level of ineffective assistance of counsel.

    4. Sentencing

Defendant notes in her form motion that counsel was ineffective at sentencing. Neither of the defendant's briefs further addresses this issue. Upon review, the Court finds that defendant fails to sufficiently develop this issue to allow for effective review. Accordingly, the argument is waived.

### Certificate of Appealability

28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> *(B) the final order in a proceeding under section 2255.*

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right. Accordingly, defendant is not entitled to a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, Gada Alatrash's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 156) is DENIED.

IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
Dated: 10/30/13               United States District Judge